**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **TRISTON COOPER,** | * | |
| **Plaintiff,** | * | |
| **v.** | | **Case No.: GJH-20-3707** |
| | * | |
| **ANGELA BOWEN** | | |
| **and** | * | |
| **SHENITA VANISH,** | | |
| | * | |
| **Defendants.** | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Triston Cooper, proceeding *pro se*, filed an eight-count Complaint against Defendants Angela Bowen and Shenita Vanish alleging disparate treatment, hostile work environment, retaliation, and sex-based discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000, *et. seq.* (Counts I through V), intentional infliction of emotional distress (Count VI), defamation (Count VII) and violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et. seq.* (Count VIII). Pending before the Court is Plaintiff's Motion for Default Judgment, ECF No. 9. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, Plaintiff's Motion for Default Judgment is denied.

1

I.     **BACKGROUND**[1]

   **A.  Factual Background**

Though Plaintiff now brings suit against Defendants Angela Bowen and Shenita Vanish, just over one year ago, Plaintiff sued Edgewood Management Corporation,[2] Plaintiff's alleged former employer, *see* ECF No. 1 ¶ 1, alleging claims that are identical to those in the instant case and that arise from the same set of operative facts. The basic facts supporting Plaintiff's identical allegations were set forth in the Court's March 3, 2021, Memorandum Opinion, ECF No. 25 at 2–4.[3] Therefore, the Court will briefly recount the facts and procedural history relevant to the now pending Motion for Default Judgment, ECF No. 9.

Plaintiff alleges that he was hired by Edgewood Management Corporation on September 9, 2009, to be the Community Center Site Director of the Benning Park Family Community Center. ECF No. 1 ¶ 1. Plaintiff alleges that between 2009-2012, Bowen served as his Edgewood Management Corporation supervisor, but that in August 2012, Bowen left Edgewood Management Corporation and created the Community Services Foundation ("CSF"), where Bowen thereafter "established a business partnership with her former employer . . . providing contractual community services to Edgewood Management Corporation, federal HUD managed properties." *Id.* ¶¶ 2–3. Plaintiff alleges that Bowen "in collusion with her business partner Edgewood Management Corporation (my lawful employer) unlawfully conspired together to fraudulently identify me (Triston Cooper) as being an employee of Angela Bowen Community

---

[1] Unless otherwise stated, the background facts are taken from Plaintiffs' Complaint, ECF No. 1, and are presumed to be true. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

[2] Plaintiff's Complaint against Edgewood Management Corporation was filed on May 7, 2019 in 19-cv-01334-GJH, ECF No. 1. *See Anderson v. Fed. Deposit Ins. Corp.*, 918 F.2d 1139, 1141 n.1 (4th Cir. 1990) (A district court may "properly take judicial notice of its own records.").

[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

Service Foundation" and that she "aggressively side-lined" his lawful supervisor, Cristopher Owens. *Id.* ¶¶ 6–8.

In Plaintiff's forty-three-page Complaint, he alleges a litany of negative events over the course of his employment. He first alleges that Bowen changed his job duties in 2017, specifically preventing him from attending Benning Park Board of Director meetings. ECF No. 1 ¶¶ 12–15. He alleges that Bowen did so in order to spread misinformation regarding Plaintiff's job performance and to falsely accuse him of financial misconduct before the Board. Id. ¶¶ 17–23. After these allegations were made, Edgewood Management Corporation's Regional Vice President invited Plaintiff to attend the next Board meeting, where Board members informed him of what Ms. Bowen had said and they "heatedly admonished" her for the false accusations, telling her to "[l]eave the boy alone." *Id.* ¶¶ 21–23.

Plaintiff then alleges that in retaliation for the Board's censure of Bowen—as well as for challenging the legality of Edgewood Management Corporation allowing CSF to identify Plaintiff as a CSF employee and sharing Plaintiff's personnel files with CSF—Bowen filed unsatisfactory performance evaluations and attempted to reverse his bonus award. *Id.* ¶¶ 11, 16, 24–27, 30–32. Additionally, Bowen and a CSF employee told Plaintiff that he was in violation of the time reporting and recording policy and could be subject to disciplinary warnings, yet female employees with time reporting issues were not threatened with disciplinary action. *Id.* ¶¶ 32–33, 49.

Plaintiff also alleges a long pattern of harassment and intimidation by Bowen and Vanish that includes a CSF employee reprimanding him for taking approved vacation leave and a leave of absence, and the same employee texting him at 9:30 pm, other attempts to deny him his yearly bonus, as well as placing Plaintiff on probation and extending the probation where Plaintiff "was

3

never aware that [he] was unlawfully on probation." *Id.* 39–40, 42–46, 48. Relatedly, Plaintiff also alleges that Vanish and another CSF employee ordered him to write his assistant a performance evaluation, which Plaintiff alleges Vanish later altered from "favorable to unfavorable," and then ordered Plaintiff to "present the Angela Bowen revised version of the performance evaluation to [his] assistant," which Plaintiff refused to do. *Id.* ¶ 41. Plaintiff further alleges that this CSF employee informed him that both Bowen and Vanish were "angry with [him]" for not "approving to go along" with the altered evaluation and that neither Bowen nor Banish believed that he was "competent enough to evaluate and write" his assistant's performance evaluation, even though Plaintiff managed her daily. *Id.*

Finally, Plaintiff alleges that Bowen interfered with his FMLA leave request by "fraudulently pretending to be [his] employer," and wrongfully demanding that Plaintiff provide his Family Medical Leave request to CSF, in addition to failing to timely send Family Medical Leave forms to his primary care physician at his request. *Id.* ¶ 37. Plaintiff alleges that he was terminated from Edgewood Management Corporation by Bowen on October 8, 2019, although it appears that he remained employed at least through April 2019, *id.* ¶ 51.

### B. Procedural Background

On December 21, 2020, Plaintiff filed the Complaint in this Court. ECF No. 1. On February 26, 2021, Plaintiff filed a Proposed Summons, ECF No. 6, and on March 9, 2021, the Court signed an Order directing the Clerk to issue summons and to return summons to Plaintiff, ECF No. 7. The same day, a summons was issued to "Community Services Foundation Angela Bowen" with the Defendants identified as "Community Services Foundation" and "Angela Bowen" and the address listed as the following: "Community Services Foundation 6606 Greig Street Seat Pleasant, MD 20743," and "CSC-Lawyers Incorporating Service Company 7 St. Paul

Street, Suite 820, Baltimore, MD 21202." ECF No. 8. Defendant Shenita Vanish was absent

entirely from this summons. *See id.* On April 22, 2021, Plaintiff filed the now pending Motion

for Default Judgment, ECF No. 9. On May 7, 2021, an identical copy of the summons was

reissued, again, without any mention of Shenita Vanish. ECF No. 10. On May 12, 2021,

Defendants opposed the Motion for Default Judgment, ECF No. 12. The docket does not reflect

that Plaintiff served either Defendant in the instant case.

As the Court previously noted, this is not Plaintiff's first attempt to litigate these exact

claims. As such, it is also necessary to briefly detail the procedural history of Plaintiff's previous

litigation. The Court set out the complete procedural posture of Plaintiff's first attempt to litigate

his claims in its previous Memorandum Opinion, ECF No. 25, in *Cooper v. Edgewood Mgmt.*

*Corp.*, 19-cv-1334-GJH. On March 10, 2021, the Court granted Defendant Edgewood

Management Corporation's Motion to Dismiss. *Id.* Specifically, the Court dismissed all of

Plaintiff's federal claims (hostile work environment, disparate treatment, and retaliation) under

Title VII, which are the same claims he now seeks to bring against Defendants Angela Bowen

and Shenita Vanish. *Id.* at 5–10. The Court dismissed Plaintiff's FMLA claim without prejudice

and provided Plaintiff with the opportunity to cure his deficiencies through an amended

complaint to be filed within 21 days of the accompanying Order.[4] *Id.* at 10–13; ECF No. 26

(Order dismissing claims). The Court specifically provided the following: "If an Amended

Complaint is not filed within [21 days] the federal claims will be dismissed with prejudice." ECF

No. 26 ¶ 5 (emphasis added). Because Plaintiff never amended his complaint, on April 14, 2021,

---

[4] Having dismissed Plaintiff's federal claims, the Court likewise dismissed his state law claims (intentional infliction of emotional distress and defamation) without reaching the merits of those claims as they did not "independently qualify for the exercise of federal jurisdiction. *Id.* §1367(c)(3)." ECF No. 25 at 13.

the Court issued another Memorandum Opinion and Order dismissing Plaintiff's remaining federal claim under the FMLA and closing the case. ECF No. 27.

## II.      STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." "It is axiomatic that service of process must be effective under the [Fed. R. Civ. P.] before a default . . . may be entered against a defendant." *Md. State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996). And Plaintiff bears the burden of establishing that service of process was effective. *Ayres v. Ocwen Loan Servicing, LLC*, 129 F. Supp. 3d 249, 261 (D. Md. 2015).

The Court is mindful that Plaintiff is a self-represented litigant. Self-represented litigants' pleadings are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. Appx. 135 (4th Cir. 2014).

## III.      DISCUSSION

Plaintiff requests that the Court "render a default judgment" against Defendants Angela Bowen and Shenita Vanish because they "are in default" for failing "to answer the Plaintiff's claims within the time limit set forth in the summons." ECF No. 9 at 2. Moreover, Plaintiff alleges that each Defendant failed to respond to a "properly served complaint court summons service." *Id.*

Rule 4 of the Federal Rules of Civil Procedure provides explicit requirements for timely and effective service of process. Within 90 days of filing a complaint, the plaintiff is responsible for serving both the summons and a copy of the complaint on the defendant. Fed. R. Civ. P. 4(c); 4(m). If the plaintiff has not served the defendant within 90 days, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice" unless the Plaintiff shows good cause for its failure to do so. *Id.* at 4(m). Pursuant to Rule 4(m), Plaintiff's 90-day period for service of process expired on March 21, 2021. *See* ECF No. 1. On February 26, 2021, just over two-months after filing the Complaint, Plaintiff filed a "Proposed Summons" in which the Defendants were identified as "Community Services Foundation" and "Angela Bowen," ECF No. 6. Defendants' name and address was listed as "Community Services Foundation 6606 Greig Street Seat Pleasant, MD 20743" and "CSC-Lawyers Incorporating Service Company 7 St. Paul Street, Suite 820, Baltimore, MD 21202." *Id.* This Proposed Summons did not include or otherwise identify Defendant Vanish at all. *See id.*

A summons was issued on March 9, 2021, ECF No. 8, that was identical to the "Proposed Summons" filed by Plaintiff on February 26, 2021. *Compare* ECF No. 6 *with* ECF No. 8. Defendants state in the Opposition to Plaintiff's Motion for Default Judgment that the inclusion of CSC-Lawyers Incorporating Service Company in the summons indicates that it was to be served on CSF through its registered agent, Corporation Service Company, which is "a well-known registered agent that operates in Maryland and elsewhere." ECF No. 12 ¶ 3 n.2. Moreover, Defendants argue that even if Plaintiff attempted to serve Defendants through CSC, "such service would be ineffective" because CSC is the registered agent for CSF, not for either Bowen or Vanish.[5] *Id.* ¶8.  The March 9, 2021 summons was reissued on May 7, 2021, without

---

[5] Defendants claim that CFS is Vanish's current employer and Bowen's former employer as Bowen resigned from CSF effective January 31, 2021. ECF No. 12 ¶ 3 n.1.

any corrections to direct the summons to Bowen or Vanish, who remained absent from the summons entirely. *See* ECF No. 10. Plaintiff's attempt at service is plainly insufficient. *See Ngabo v. Le Pain Quotidien*, No. 11-cv-0096-DKC, 2011 WL 978654, at *2 (D. Md. Mar. 17, 2011) (finding that Plaintiff did not properly effectuate service of process via certified mail due to multiple deficiencies, including "mail[ing] the summons and complaint to [d]efendant's Bethesda restaurant, rather than to a person authorized to receive service, such as [d]efendant's resident agent, president, secretary, or treasurer.").

It has been over one year since Plaintiff filed his Complaint, and the docket reflects that Plaintiff has not effectuated service of process on either Bowen or Vanish. And despite Plaintiff's claim that Defendants "failed to respond to a properly served . . . court summons service," Plaintiff has filed no proof of service with this Court as required by Federal Rule of Civil Procedure 4(l). *See Ngabo v. Le Pain Quotidien,* No. 11-cv-0096-DKC, 2011 WL 978654, at *2 (D. Md. Mar. 17, 2011) ("A process server's filing of a proper proof of service constitutes 'prima facie evidence of valid service of process.'") (quoting *State Highway Admin. v. Kee*, 525 A.2d 637, 532–33 (Md. 1987)). Though Defendants received actual notice,[6] as evidenced by their opposition to Plaintiff's Motion for Default Judgment, "Plaintiff may not . . . ignore the rules for effective service." *Ward v. Williams*, No. 18-cv-02708-DKC, 2019 WL 3555357, at *4 (D. Md. Aug. 5, 2019), *appeal dismissed*, 790 F. App'x 537 (4th Cir. 2020) (citing *Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.,* 733 F.2d 1087, 1089 (4th Cir. 1984)) ("But the rules are there

---

[6] Defendants state that they only became aware of this substance of this litigation because "counsel pulled the documents from www.pacer.gov." ECF No. 12 ¶ 7(f). Plaintiff's do acknowledge that Bowen received (1) a demand letter sent in early December; (2) a one-page certificate of service; and (3) a copy of the Motion for Default Judgment, while Vanish only received a copy of the Motion for Default Judgment. *Id.* ¶ 7(c)–(d). Further to this point, Bowen and Vanish additionally state that CSC did not receive copies of a summons or complaint in the instant case, but that they did receive the December 2020 demand letter and the Motion for Default Judgment. *Id.* ¶7(c)–(e).

to be followed, and plain requirements for the means of effecting service of process may not be ignored.")).

Local Rule 103.8(a) provides that "if a party demanding affirmative relief has not effectuated service of process within ninety (90) days of filing the pleading seeking the affirmative relief, the Court may enter an order asking the party to show cause why the claim should not be dismissed." Here, Plaintiff has not provided any explanation, let alone "good cause," for why, after over one year, he has failed to properly serve either Defendant. And although the Court recognizes that Plaintiff is *pro se*, "[p]ro se status . . . is insufficient to establish good cause, even where the pro se plaintiff mistakenly believes that service was made properly." *Tann v. Fisher*, 276 F.R.D. 190, 193 (D. Md.), *aff'd*, 458 F. App'x 268 (4th Cir. 2011) (internal quotations and citations omitted).

Because the Court has no record that Plaintiff has properly served either Defendant, Plaintiff's Motion for Default Judgment must be denied. In accordance with Federal Rule of Civil Procedure 4(m) and Local Rule 103.8, the Court orders Plaintiff to show cause as to why the Complaint should not be dismissed for failure to effect service of process as well as for collateral estoppel.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion for Default Judgment, ECF No. 9, is denied. A separate Order shall issue.

Date: <u>March 30, 2022</u>                          <u>      /s/                                    </u>
                                                                       GEORGE J. HAZEL
                                                                       United States District Judge

9